IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

LUIS VEGA,

        Plaintiff,                        No. CIV S-03-2433 MCE KJM PC

    vs.

E. ALAMEIDA, et al.,

        Defendants.              FINDINGS & RECOMMENDATIONS

        Plaintiff is a state prison inmate proceeding pro se with a civil rights action under 42 U.S.C. § 1983. In a complaint filed July 31, 2003, he alleges defendant Higgins used unnecessary force against him.

        Defendant Higgins has filed a motion to dismiss, alleging that plaintiff failed to exhaust his administrative remedies.

I. Exhaustion Under The Prison Litigation Reform Act

        A motion to dismiss for failure to exhaust administrative remedies prior to filing suit arises under Rule 12(b) of the Federal Rules of Civil Procedure. Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). It is defendant's burden to show that plaintiff failed to exhaust. Id. In deciding a motion to dismiss for a failure to exhaust non-judicial remedies, the court may look beyond the pleadings and decide disputed issues of fact. Id. at 1120. If the district court

1

concludes that the prisoner has not exhausted non-judicial remedies, the proper remedy is dismissal of the claim without prejudice. Id.

Section 1997e(a) of Title 42 of the United States Code provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). California prison regulations provide administrative procedures in the form of one informal and three formal levels of review to address plaintiff's claims. See Cal. Code Regs. tit. 15, §§ 3084.1-3084.7. Administrative procedures generally are exhausted once a plaintiff has received a "Director's Level Decision," or third level review, with respect to his issues or claims, Cal. Code Regs. tit. 15, § 3084.5, unless it is shown that administrative exhaustion is unavailable as a remedy. All available steps must be completed before a civil rights action is filed; exhaustion during the pendency of the litigation will not save an action from dismissal. McKinney v. Carey, 311 F.3d 1198, 1200 (9th Cir. 2002).

II. Analysis

Defendant has submitted a copy of plaintiff's grievance ("602"), dated September 3, 2002 and given the log number 02-02455, as well as a copy of the decision at the second level of review, which partially granted the grievance by referring plaintiff's claims of excessive force to the SAC Investigative Services Unit (ISU) for review. Motion to Dismiss (MTD), Ex. A, Attach. 1. Defendant also has submitted a declaration from Eric Reyes, the Appeals Coordinator at Mule Creek State Prison (MCSP), who avers that he reviewed plaintiff's central file and found that plaintiff did not submit grievance 02-02455 for a third level response. MTD, Ex. A (Declaration of Eric Reyes) ¶ 5. Reyes also avers he maintains a database of appeals filed by MCSP inmates that have been "screened out" and not addressed because of procedural problems. MTD, Ex. A ¶ 2.[1]

---

[1] Reyes' declaration does not make clear if the database he maintains tracks all appeals filed by inmates who resided at MCSP at one point in time, but have resided in other CDC

1	Defendant further has submitted a declaration from N. Grannis, the chief of the
2	inmate appeals branch (IAB) of the Department of Corrections. Grannis explains that appeals
3	received at the third level are logged into a computer database and then adjudicated. MTD, Ex.
4	B (Declaration of N. Grannis) ¶ 5. Grannis caused a search of the database to be made; the
5	search did not uncover a third level appeal from plaintiff concerning defendant Higgins'
6	excessive force as outlined in grievance number 02-02455. Grannis concludes, "Either inmate
7	Vega did not submit the appeal or IAB screened out the appeal for failure to comply with
8	procedures." MTD, Ex. B ¶ 7.
9	In his opposition and attached declaration, both submitted under penalty of
10	perjury, plaintiff claims that prison personnel gave him conflicting and often incorrect
11	information about the grievance process, which caused him to miss deadlines. Opp'n at 3. He
12	also has attached a copy of the memorandum from the ISU, dated January 15, 2003, rejecting his
13	referred complaint against defendant Higgins, and a copy of his letter, dated February 19, 2003,
14	expressing his dissatisfaction with the ISU's resolution of his complaint. Opp'n, Ex. A at 13
15	(staff complaint), 16-17 (letter of dissatisfaction, signed at CSP-C).
16	Neither party has discussed the impact of an ISU investigation of a staff complaint
17	on the grievance process, nor has the court found any applicable regulations. However, because
18	the ISU referral was made for an investigation into the subject matter of the grievance, it appears
19	that administrative remedies would not be finally exhausted until the investigation had been

---

facilities at different times. To the extent Reyes' is able to track appeals activity only for the time an inmate is housed at MCSP, it bears noting in this case that there is no comparable declaration from the appeals coordinator at California State Prison Sacramento (CSP-Sac), where the alleged incident occurred and where plaintiff was housed when he initiated the grievance process. See Compl. at 2-D & Ex. A (medical report about the incident from CSP-Sac). There also is no similar declaration from the appeals coordinator at California State Prison, Corcoran (CSP-C), where plaintiff was housed during part of the appeal process. See Opposition to Motion To Dismiss (Opp'n), Ex. A at 16-17.

completed and any adverse decision submitted for a Director's Level Review.[2] See Porter v. Nussle, 534 U.S. 516, 524-25 (2002) (purpose of exhaustion requirement is to give officials "time and opportunity to address complaints internally before allowing the initiation of a federal case."). In this case, although it is not clear from the record, plaintiff's response to the ISU's resolution of the staff complaint in grievance number 02-02455 may have been screened out at the third level as untimely, for it was not submitted within fifteen working days of his receipt of the ISU memorandum, as required by California Code of Regulations title 15, section 3084.6 (c) of appeals of any "event or decision" being appealed.

In Ngo v. Woodford, 403 F.3d 620, 625 (9th Cir. 2005), the Ninth Circuit recently has held that an inmate has exhausted all available remedies even when a grievance is rejected as time-barred because no further level of appeal remains available in the prison grievance system. Here, N. Grannis acknowledges that the IAB may have screened out any appeal at the third level in grievance number 02-02455; plaintiff has presented his attempts to pursue his remedies after the ISU denial, and defendant has neither acknowledged nor explained these attempts. Defendant thus has not borne his burden of showing plaintiff failed to exhaust his available administrative remedies.[3]

Accordingly, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty

---

[2] Of course, if plaintiff had a problem with referral of his complaint to the ISU after the second level of review, he should have appealed to the third, Director's level of review within the time allowed.

[3] In addition, plaintiff has submitted a copy of grievance number 02-03270, in which he also complains of defendant Higgins' use of force. See Opp'n at 10-11. It appears plaintiff attempted to take this grievance to the third level as well, before filing this action. Defendant has neither acknowledged nor addressed the impact of this grievance, if any, on the exhaustion of plaintiff's administrative remedies.

4

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 20, 2005.

_____
UNITED STATES MAGISTRATE JUDGE

2 vega2433.57